## PENNSYLVANIA v. JOSEPH CAMPBELL.

1794.   *CAMPBELL* was indicted for ftealing a fifty-dollar bank note, the property of *Daniel Proffer*.

*William Todd*, having contracted with the Governor for making a certain diftance of the ftate road from *Philadelphia* to *Pittfburgh*, employed *Campbell* and *Proffer*, to make the road in part of that diftance; and advanced 60 dollars, viz. 10 filver dollars, and a 50-dollar bank bill. *Campbell* took up the bill, and *Proffer* the filver; and they went to a neighbouring tavern, to get the bill changed for dollars, and then divide the whole money equally between them. Not getting the bill changed at the tavern, *Campbell* defired *Proffer* to give him the filver, and take the note to another tavern, on his way home, and there have it changed, and give him his fhare afterwards. The note was then lying on the table with a paper in which it had been given them by *Todd.*— *Proffer* gave *Campbell* the filver, and proceeded to take up the note. *Campbell* bade him ftop till he folded it up. While *Campbell* was folding it up, *Proffer* turned about to drink with fome one in company. *Campbell* delivered the folded paper to *Proffer*, who immediately put it in his pocket. When he opened the paper at home, there was no note in it. There was fome evidence, that *Campbell*, folding and delivering the paper, retained a *dirty paper*; and that he, afterwards propofed to pay *Proffer* 30 dollars, on his return from *Philadelphia*, whither he was going, if *Proffer* would fwear, that he had loft the note. This *Proffer* refufed to do.

*Woods* and *Young*, for the defendant. This can be no larceny; for there never was a poffeffion in *Proffer*; and there was a joint property. Suppofing, therefore, a purloining or embezzling, it is not ftealing. The offence, if there be any, is of another kind a cheat.

1 *Hawk.* 135. *in not.*     *Galbraith* and *Brackenridge* for the ftate. There is an actual and conftructive poffeffion, an abfolute and fpecial property; and larceny may be of either.

PRESIDENT. There muft be a *taking*, as well as a *carrying away*. Unlefs you can conclude, from the proof, that *Campbell* had abandoned the poffeffion of the note to *Proffer*, who, from this abandonment, and his under-

taking to change the note, became liable to *Campbell*; 1794. or that *Proffer*, in confequence of his agreement, with confent to change, had taken the note; he had no pof- feffion; therefore, there can be no taking, and, of courfe, no larceny. But, if the poffeffion was changed from *Campbell* to *Proffer*, a taking and carrying away by *Camp- bell* would be larceny, though *Proffer* had a fhare in the note; for the change of poffeffion rendered *Proffer* an- fwerable to *Campbell* for his half. If the poffeffion of the note was not changed, and if *Campbell* impofed an empty paper, for one inclofing a note, though punifh- able as a mifdemeanor, this, is no felony. Therefore, if the proof amount only to this, there can be no con- viction on this indictment; although you or I may think, that there is little natural difference in the degree of enormity of fuch mifdemeanor and larceny.

The jury found him guilty.